UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LOVEPREET S.,

   Petitioner,

  v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

   Respondents.

No. 1:26-cv-00398-TLN-JDP

**ORDER**

This matter is before the Court on Petitioner Lovepreet S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On January 22, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO") seeking Petitioner's immediate release. (ECF No. 4.) On January 27, 2026, Respondents filed an opposition. (ECF No. 9.) The parties have agreed to convert the Motion for TRO into a Motion for Preliminary Injunction and are amenable to the Court ruling on the habeas petition without further briefing. (*Id.* at 2; ECF No. 11 at 3.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf. The Clerk of Court is directed to update the docket to reflect this change accordingly.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is a native and citizen of India who fled political persecution and entered the United States on or around November 20, 2023.  (ECF No. 1-1 at 2.)  Petitioner was apprehended at the border and released on his own recognizance.  (*Id.*)  Petitioner submits that he complied with all conditions of his release to the best of his ability.  (*Id.*)  This included appearing in person and on video when directed as well as obtaining permission from Immigration and Customs Enforcement ("ICE") prior to moving.  (*Id.*)  Petitioner gained meaningful employment and has no criminal record.  (*Id.*)

On July 19, 2025, Petitioner received a call that showed the caller as "No Title" on his phone.  (*Id.*)  He did not pick up because he thought it was a spam call.  (*Id.*)  Then Petitioner's ankle bracelet activated.  (*Id.*)  Petitioner immediately called ICE and was told ICE was outside his house.  (*Id.*)  He was told to come out of his house because ICE wanted to check his device, which ICE claimed was not properly functioning.  (*Id.*)  Petitioner came out of his house and ICE immediately handcuffed him.  (*Id.*)  Petitioner was taken to the ICE office in San Francisco where he was told he was arrested because his parole ended and because he had to be produced before an Immigration Judge who would conclude his asylum case.  (*Id.*)

Petitioner filed a petition for writ of habeas corpus on January 19, 2026.  (ECF No. 1.)  Petitioner challenges his detention as violating his due process rights.  (*Id.* at 7.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has

---

[2]    These facts are taken from Petitioner's declaration.  (ECF No. 1-1.)  Respondents do not contest these facts.  (*See generally* ECF No. 9.)

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.  ANALYSIS

Petitioner contends that his re-detention without notice or a pre-deprivation hearing violates his due process rights under the Fifth Amendment. (ECF No. 1 at 7.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

#### a)  Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). To determine whether an individual's specific conditional release rises to the level of a protected liberty

interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025).

Here, the Court finds Petitioner developed "enduring attachments of normal life" during his conditional release as described in *Morrissey*, 408 U.S. at 482. Prior to re-detention, Petitioner lived in the United States for nearly two years. (ECF No. 1-1 at 2.) During that time, Petitioner obtained meaningful employment and "[his] life was going smoothly until ICE apprehended [him] on July 19, 2025." (*Id.*) He complied with the terms of his release and has no criminal history. (*Id.*) For these reasons, the Court finds Petitioner's prior release from immigration custody creates a substantial liberty interest protected by the Fifth Amendment. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("Accordingly, a noncitizen release from custody pending immigration proceedings has a protected liberty interest in remaining out of custody.").

Respondents' opposition only claims Petitioner is an "applicant for admission" subject to the mandatory detention framework of 8 U.S.C. § 1225(b)(2). (ECF No. 9 at 1.) Courts nationwide, including this one, have overwhelmingly rejected Respondents' argument. *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (estimating over 350 cases ruled DHS's July policy improper across 160 different judges sitting in about 50 different courts nationwide); *Mirley Adriana Bautista Pico, et al. v. Kristi Noem, et al.*, No. 25-CV-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025) (collecting cases); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB (HC), 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1)

4

disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at \*4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  Respondents' argument that Petitioner is subject to mandatory detention pursuant to § 1225(b)(2) thus fails and does not alter this Court's finding that Petitioner has a protected liberty interest.[3]

### b) *Procedural Due Process*

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

As to the first *Mathews* factor – Petitioner's private interest – Petitioner has been out of custody since November of 2023.  (ECF No. 1-1 at 2.)  In that time, Petitioner secured meaningful employment and "[his] life was going smoothly until ICE apprehended [him] on July 19, 2025." (*Id.*)  Petitioner states that "[w]hen [he] entered the United States, [he] felt extremely lucky" because of the harm he had suffered in India due to his political activities.  (*Id.*)  The Court finds the time Petitioner spent in the United States created a powerful private interest in his continued liberty.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

---

[3]   Having found Petitioner is not subject to 8 U.S.C. § 1225(b)(1), the Court agrees with Petitioner that he is instead subject to 8 U.S.C. § 1226(a) and entitled to the process that statute demands.  (ECF No. 11 at 2–3.)  However, because Petitioner's habeas petition only claims a constitutional violation, the Court need not discuss a potential statutory violation.

As to the second *Mathews* factor – the risk of erroneous deprivation – the Court finds the risk here be considerable.  The risk of an erroneous deprivation of Petitioner's liberty interest is high where he has received virtually no procedural safeguards such as a bond or custody redetermination hearing.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  This is particularly so where, as here, Petitioner has no criminal history and has complied with the conditions of his release.  (ECF No. 1-1 at 2–3); *see R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community.").

As to the third *Mathews* factor, the government's interest in detaining Petitioner without a hearing before a neutral decisionmaker is negligible.  *R.D.T.M.*, 2025 WL 2686866 at *6. Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the government's interest is further diminished here where Petitioner was already found appropriate for release, has complied with the conditions of his release, and has no criminal history.  "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions.").  *Hernandez*, 872 F.3d at 994.

The Court therefore finds Petitioner's re-detention without a hearing violate due process. The Court GRANTS Petitioner's petition for writ of habeas corpus.  (ECF No. 1).

**IV.    CONCLUSION**

IT IS HEREBY ORDERED:

1.    Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED;

2.    Respondents must IMMEDIATELY RELEASE Petitioner from custody. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

3.    Respondents shall submit notice certifying compliance with this Order by

February 3, 2026.

    4.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

    IT IS SO ORDERED.

Date: January 30, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE